UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| DAVID "MIKE" FISCHER ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2: 10-CV-120-HRW |
| ) | |
| V. ) | |
| ) | |
| EASTERN STATE HOSPITAL, *et al.* ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David "Mike" Fischer ("Fischer") has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983 against the Eastern State Hospital and "Kenton County Guardianship." [D. E. No. 2]. When Fischer filed the Complaint, he listed his address as the Eastern State Hospital, a state-run psychiatric hospital located in Lexington, Kentucky. [*Id.*, p. 1]. On July 19 and 20, 2010, Fischer notified the Court of his new address, 1179 Highway 587, Beattyville, Kentucky, 41311. [D. E. Nos. 10 and 11]. As Fischer has not advised the Court of a new address, his Beattyville address appears to be current.

By prior Order, the Court granted Fischer pauper status. [D. E. No. 8]. Under 28 U.S.C. § 1915(e), a district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]

---

[1] As Fischer is appearing *pro se*, his complaint is held to less stringent standards than those

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). As Fischer fails to state a claim upon which relief can be granted, his Complaint will be dismissed with prejudice, and his pending motions will be denied.

## ALLEGATIONS OF THE COMPLAINT

Although Fischer names the "Kenton County Guardianship" as a defendant, it appears that Fischer is asserting claims against the Kenton County Judicial system. This interpretation is based on Fischer's specific allegations that since 1994, unnamed judges in Kenton County, Kentucky, entered Orders in his guardianship proceeding which unlawfully and wrongfully described him as a "retarded person," ordered him to go to "mental hospitals," placed $50,000 he received after a car accident into a trust fund, and ordered him to be placed at Eastern State Hospital. [D. E. No. 2, pp. 2-5; D. E. No. 27, p.1].[2] In broad terms, Fischer appears to be asking this Court to intervene in his pending state court guardianship proceeding and determine that he does not suffer from a mental deficiency or mental retardation.

Fischer also complained about the type and quality of treatment he was receiving at

---

drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

[2]

In this action, Fischer repeatedly challenged orders rendered his Kenton County guardianship proceeding, but he attached to one of his filings in this action an October 13, 2009, Order signed by a Fayette District Judge Circuit in *Commonwealth v. David Fischer*, Case No. 940H-00099-015. *See* [D. E. No 21-1]. That Order directed Fischer to submit to treatment at the Eastern State Hospital, "by the least restrictive means possible and said facility is... **ORDERED** to administer medication to the defendant [Fischer]." [*Id.*] (emphasis in original).

the Eastern State Hospital. [*Id.*]. To the extent that Fischer asked for "his freedom" and "freedom from medications I don't believe help me," he appears to be seeking injunctive relief in the form of release or a transfer from that facility. [*Id.*, p. 9 ]. Fischer has also filed motions seeking a jury trial, documents from his prior court proceedings, and his medical records. [D. E. Nos. 6, 12, 14, and 15].

## DISCUSSION

On June 16, 2005, Fischer filed a civil rights complaint in this Court, in which he named the "Kenton County Judicial System" as the defendant. *See Fischer v. Kenton County Judicial System*, No. 2: 05-CV-119-DLB, (E.D. Ky.) *See id.*, Complaint, [D. E. No. 1]. In that Complaint, Fischer also asserted claims against Kenton County and/or Kenton County judges arising out of judicial proceeding (guardianship) which resulted in his placement in Eastern State Hospital and the placement of his $50,000 into a trust fund for his benefit. On August 31, 2005, the Court dismissed the 2005 proceeding, with prejudice. *See id.*, [D. E. No. 5].

The claims that Fischer wishes to assert in this action, against the "Kenton County Guardianship," or more specifically, unnamed Kenton County judicial officers, is barred by the doctrine of claim preclusion. This doctrine, previously known as *res judicata*, bars a subsequent action if the prior action was decided on the merits, both actions involve the same parties or those in privity with them, and the claim asserted in the subsequent was, or could have been, resolved in the first action. *Young v. Township of Green Oak*, 471 F.3d 674, 680

(6th Cir. 2006).

As Fischer's 2005 action involved one of the two defendants named in this current action, and involved the same claims he now raises in the instant action, *i.e.*, his overall dissatisfaction with various orders entered and decisions made in his guardianship proceeding, the doctrine of claim preclusion prevents Fischer from attempting to re-litigate claims which either were, or could have been, raised in the 2005 proceeding. *Burton v. Cleveland Ohio Empowerment Zone*, 2004 WL 1367275, \*\*2 (6th Cir. 2004); *Williams v. Moyer*, 2001 WL 523446, \*\*1 (6th Cir. 2001).

Second, even if this were not so, Fischer's claims are barred by the statute of limitations. Civil rights claims arising from conduct occurring in Kentucky are governed by the one-year statute of limitations set forth in K.R.S. 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse, Ky.*, 782 S.W.2d 609, 613 (1989). Fischer complains about the defendants' conduct dating back to 1994. Fischer's claims are therefore clearly time-barred.

Third, to the extent that Fischer complains about recent or currently ongoing decisions rendered in his guardianship proceeding, the Court must abstain form interfering with such state court proceedings. The Supreme Court has long held that a federal court should abstain from hearing a claim where doing so would interfere with an ongoing state judicial proceeding, absent proof that failing to do so would result in immediate, substantial, and irreparable injury to the plaintiff. *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Younger v.*

*Harris*, 401 U.S. 37, 43-45 (1971). In other words, when the state proceeding implicates important state interests and affords the federal plaintiff an adequate opportunity to raise constitutional claims, abstention may be warranted. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) (applying the *Younger* abstention to civil claims); *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

The Commonwealth of Kentucky has declared its strong interest in guardianship matters by granting to its District Courts authority over all aspects of guardianship and conservator matters. *See generally*, KRS Chapter 387 ("Guardians; Conservators; Curators of Convicts"); KRS 387.020 (1) ("District Courts shall have exclusive jurisdiction for the appointment and removal of guardians, limited guardians, and conservators for minors, and for the management and settlement of their accounts "); KRS 387.090(1) (defining District Court's authority to remove a guardian, limited guardian, or conservator).

Abstention is proper in this case because Fischer is challenging numerous aspects of pending state court guardianship proceeding. *See Meyers v. Franklin County Court of Common Pleas*, 23 F. App'x 201, 206 (6th Cir. 2001) (upholding district court order dismissing federal civil rights complaint requesting declaratory and injunctive relief from guardianship order issued by Ohio juvenile court); *Worrall v. Irvin*, 67 F.3d 300 (Table), 1995 WL 569682, at *1-*2 (6th Cir. September 26, 1995) (affirming *Worrall v. Irwin*, 890 F. Supp. 696, 705-706 (S. D. Ohio 1994), holding that under *Younger* and its progeny,

5

abstention precluded federal conversion claim brought by person, ordered by state court to return ward's property, against a guardian and attorneys involved in state probate proceeding).

In accordance with the *Younger* and *Pennzoil* abstention doctrine, this Court will not interfere with the administration of Fisher's state court guardianship proceeding, whether it is pending in either Kenton District Court or Fayette District Court. For that reason, the Court will deny as moot Fischer's various motions seeking court documents, medical records, and other forms of relief.

Finally, to the extent that Fischer seeks injunctive relief against Eastern State Hospital, *i.e.*, an Order directing it to release him, his claims are now moot. Under Article III of the Constitution, a district court has jurisdiction only over actual cases and controversies, with no power to adjudicate disputes which are moot. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997).

A claim is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Fischer's demand for injunctive relief is no longer "live" because in July 2010, he notified the Court that he was no longer residing at Eastern State Hospital. *See* [D. E. Nos. 10 and 11]. Further, after leaving Eastern State Hospital, Fischer filed a letter on August 14, 2010 [D. E. No. 14],[3] explaining that he was happy with the course of

---

[3] That letter was docketed as a "Motion for Order to Request Paperwork from

treatment was receiving in Beattyville, Kentucky. He stated as follows:

> "I am writing to you for a couple of reasons. **First, I wanted to tell you that I really like the people working with me now in Lee County. They are treating me with respect, listening to my needs, reading the proof I have for the courts & responding to it, and helping me when I have a need.** This is extremely different from the way Eastern State Hospital treated me. . . ."

[D. E. No. 14, p. 1] (emphasis added).[4]

A district court must ensure that claims have not become moot at every stage of a case, whether the parties raise the issue or not. *See McPherson*, 119 F.3d at 458. In this case, Fischer's demand for injunctive relief- removal or transfer from Eastern State Hospital- is clearly moot, and will be dismissed as such.

Finally, it does not appear from Fischer's Complaint, or numerous other filings, that he seeks monetary damages either from the Commonwealth of Kentucky or its instrumentality, Eastern State Hospital. If Fischer buried such a claim in his subsequent filings, he failed to adequately bring it to the Court's attention. Regardless, he could not recover damages from either entity. The Eleventh Amendment to the U.S. Constitution specifically prohibits federal suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer*

---

Previous Cases." [Id.].

[4] Fischer attached to one of his recent filings an appointment card showing that he had an appointment on October 18, 2010, with "William" at the Lee/Owsley Co. Outpatient Clinic, 1060 Grand Avenue, P.O. Box 128, Beattyville, Kentucky 41311. *See* Card, [D. E. No. 27-1, p. 1].

*Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993).

Eastern State Hospital operates under the auspices of the Cabinet for Health and Family Services ("CHFS"), which is the primary state agency for operating the public health, Medicaid, certificate of need and licensure, and mental health and intellectual disability programs in the Commonwealth of Kentucky. *See* KRS 194A.010(1); http://chfs.ky.gov. Specifically, the Department for Mental Health and Mental Retardation Services, a division of CHFS, operates inpatient facilities, including Eastern State Hospital, that provide psychiatric, rehabilitative psychiatric care for adults who are mentally ill. KRS 194A.010(4; *see also* http://mhmr.ky.gov.

Because the CHFS is a state agency, it is not a "person" amenable to a suit for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.3d 591, 592-93 (6th Cir. 1989); *Daleure v. Kentucky*, 119 F. Supp.2d 683, 687 (W.D. Ky. 2000).

## CONCLUSION

Accordingly the Court being duly advised, it is **ORDERED** as follows:

(1) Plaintiff David "Mike" Fischer's Complaint, [D. E. No.2] is **DISMISSED WITH PREJUDICE**;

(2) Fischer's construed claims seeking injunctive relief against Defendant Eastern State Hospital, [D. E. No. 2], is **DENIED as MOOT**;

(3) Fischer's four pending motions docketed as "Motions for Order" [D. E.

Nos. 6, 12, 14, and 15], seeking *inter alia*, the turnover of medical and Psychological records, prior court records, and other unspecified forms of relief, are **DENIED** as **MOOT**; and

(4) The Court will enter an appropriate Judgment.

This 25th day of March, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge